IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONTE DARRELL PARRISH,** : <br> **Plaintiff** : <br>   : <br>   v. : <br>   : <br> **ATTORNEY GENERAL** : <br> **OF PENNSYLVANIA,** *et al.*, : <br> **Defendants** : | No. 1:24-cv-236 <br><br> (Judge Rambo) |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983 in which *pro se* Plaintiff Donte Darrell Parrish ("Parrish") alleges violations of his civil rights by various people and entities during his pretrial detention in York County Prison. In accordance with the Prison Litigation Reform Act ("PLRA"), the court has conducted an initial review of Parrish's complaint. For the reasons set forth below, the court will dismiss the complaint without prejudice and grant Parrish leave to file an amended complaint.

### I.  BACKGROUND

Parrish filed this case on February 8, 2024. (Doc. No. 1.) According to the complaint,[1] Parrish was arrested in York County, Pennsylvania on April 18, 2022.

---

[1] In accordance with the legal standard set forth below, the court accepts the allegations in the complaint as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff. *Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017). Mere conclusory statements, however, are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In addition,

(*Id.* at 4.) Following his arrest, Parrish was purportedly assaulted by "a dozen or so" employees of the York County Sheriff's office. (*Id.*) Parrish allegedly suffered chest and rib injuries from the assault. (*Id.* at 4-5.) Parrish was then denied bail by a magistrate in the county, who purportedly stated that she was denying bail because the "Chief of Commissioner" told her that Parrish "was going to go to the bar and shoot someone." (*Id.* at 4.)

During his subsequent detention in York County Prison, Parrish was allegedly placed in the "SHU" for 120 days on October 5, 2020 without "notice of the charges, an opportunity to call witnesses, [or] an opportunity to be heard in front of an impartial hearing examiner." (*Id.*)

The complaint further alleges that "sometime around" May 2023, Parrish noticed "black spots" on dishes used to serve his food when the dishes were placed under hot water. (*Id.*) Six months later, Parrish purportedly learned that the water in the prison contained "carbon, oxygen, silicon, magnesium, iron, aluminum, sulfur, and calcium." (*Id.*)

---

*pro se* documents are "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, Plaintiff's complaint, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A, district courts are required to review complaints in civil actions in which prisoners seek redress from governmental entities or officers or employees of governmental entities. 28 U.S.C. § 1915A(a). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. *Id.* § 1915A(b). In screening complaints, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *Iqbal*, 556 U.S. at 678.

When evaluating the plausibility of a complaint, the court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *Kedra*, 876 F.3d at 434. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements

3

of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Parrish has filed his complaint pursuant to Section 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005. Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*

To state a claim under Section 1983, a plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of

4

and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Rode*, 845 F.2d at 1207). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. *Rode*, 845 F.2d at 1207.

The court liberally construes Parrish's complaint as asserting four civil rights claims under Section 1983: (1) an excessive form claim arising from the assault by unnamed sheriff's office employees; (2) a due process claim arising from the alleged denial of bail; (3) a due process claim arising from Parrish's placement in the SHU; and (4) a conditions of confinement claim arising from the condition of the drinking water in the prison.

At the outset, the court will dismiss all claims other than the excessive force claim as misjoined under Federal Rules of Civil Procedure 20 and 21. Under Rule 20, claims against multiple defendants may be joined in the same action only if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Misjoinder of claims is not grounds for dismissal of the entire action. Fed. R. Civ. P. 21; *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972). Rather, a district court has two options when a plaintiff has misjoined claims: (1)

5

"drop" the misjoined parties from the case on "just terms" or (2) sever the claims into separate lawsuits. Fed. R. Civ. P. 21; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). When a party is dropped under Rule 21, he is dismissed from the case without prejudice. *DirecTV, Inc.*, 467 F.3d at 845 (citing *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1068 (3d Cir. 1979)). The statute of limitations for claims against that defendant is not tolled because the initial complaint is treated "as if it never existed." *Id.* (quoting *Brennan v. Kulick,* 407 F.3d 603, 606 (3d Cir. 2005)). When, on the other hand, the claims are severed, "the suit simply continues against the severed defendant in another guise." *Id.* (citing *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999)).

District courts have discretion to choose whether misjoined claims should be dismissed or severed. *Id.* Courts may only dismiss misjoined claims, however, if doing so would be just, "that is, if doing so 'will not prejudice any substantial right'" of the plaintiff. *Id.* (internal emphasis omitted) (quoting *Sabolsky*, 457 F.2d at 1249). "Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." *Id.*

The court finds that Parrish's due process and conditions of confinement claims are misjoined to his excessive force claim in violation of Rules 20 and 21. There is simply no question of law or fact that is common to any of the claims.

Indeed, other than the fact that the underlying facts allegedly occurred after Parrish was arrested, the claims are not factually connected in any way.

The court additionally finds that dismissal of Parrish's due process and conditions of confinement claims will not prejudice any of his substantial rights. The claims are governed by Pennsylvania's two-year statute of limitations for personal injury actions, *see Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017), and according to the complaint the facts underlying all three claims occurred on or after April 18, 2022. Parrish would therefore have at least approximately one month to refile the claims if they were dismissed. Parrish's due process and conditions of confinement claims will therefore be dismissed as misjoined in violation of Rules 20 and 21 of the Federal Rules of Civil Procedure.

Turning to the excessive force claim, the court will dismiss the claim against all of the named defendants for failure to allege personal involvement. The complaint asserts that Parrish was assaulted by approximately twelve unnamed employees of the sheriff's office and does not assert that the named defendants participated in the assault, directed the assault, or acquiesced in the assault.

Finally, the court will dismiss the excessive force claim to the extent it is asserted against the John Doe Defendants because the named Defendants have been dismissed and "an action cannot be maintained solely against Doe defendants." *Hindes v. FDIC*, 137 F.3d 148, 155 (3d Cir. 1998). The court will

7

grant Parrish leave to amend to name individual defendants who were personally involved in the alleged assault. Parrish is cautioned, however, that "[t]he naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). Accordingly, if Parrish has not identified individual defendants prior to the expiration of the limitations period for his excessive force claim, the claim may be dismissed as untimely.

## IV. CONCLUSION

The court will dismiss the complaint without prejudice and grant Parrish leave to file an amended complaint. An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: March 26, 2024