**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONTE DARRELL PARRISH,<br>Plaintiff,<br>v.<br>CODY KITZMILLER, *et al.*,<br>Defendants. | CIVIL ACTION NO. 1:24-cv-00236<br>(SAPORITO, J.) |

**ORDER**

Donte Darrell Parrish proceeds on Fourteenth Amendment excessive force claims based on his allegations that he was assaulted during an initial booking at the York County Prison in 2022. Defendants Cody Kitzmiller and Sean Hightman have moved for summary judgment (Doc. 49), and Parrish has not responded. Because the record, including video of the incident, does not support Parrish's claims, the motion will be granted.

## I. BACKGROUND

The operative complaint (Doc. 8) concerns an incident on April 18, 2022, in what Parrish describes as the York County Prison's "central booking holding tank." Parrish alleges that three officers, including Kitzmiller and Hightman, "took [Parrish] to the floor forc[ibly]" and

"assaulted" him, causing him to lose consciousness until the following morning. Parrish further alleges that unspecified officers were "kicking, punching, choking, and sitting on [his] chest." After screening the complaint and resolution of a subsequent motion to dismiss, Parrish proceeds on Fourteenth Amendment excessive force claims against Kitzmiller and Hightman.[1] *See* (Docs. 30, 31).

At the close of discovery, defendants moved for summary judgment. Parrish was granted an initial extension of time to respond, but a copy of the order mailed to Parrish was returned as undeliverable. (Docs. 54, 55). The Court issued an order further extending the response deadline to February 20, 2026, which was mailed to an updated address provided by Parrish. This order warned that the summary judgment motion would be deemed unopposed if Parrish did not respond. *See* (Docs. 56, 57). Parrish has not filed a response and the time to do so has passed.[2]

[1] A third officer, "Hehnly," was dismissed because Parrish did not provide contact information sufficient to serve the summons and complaint. *See* (Doc. 31 at 4-5).

[2] Parrish has since filed a letter requesting to "know the status" of this case. (Doc. 59). Notwithstanding this letter, the record shows that Parrish was aware of defendants' motion, which has been pending since November 2025, and he has had ample time to respond. *See* (Doc. 53)

*(continued on next page)*

## II. LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

(Parrish's December 5, 2025, motion acknowledging receipt of the motion for summary judgment). We do not construe Parrish's letter as a request for more time to respond, and even if he had intended such a request, the letter does not demonstrate good cause or excusable neglect justifying a further extension. *See* Fed. R. Civ. P. 6(b)(1).

317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251-52.

In evaluating a motion for summary judgment, the Court must first determine if the moving party has made a *prima facie* showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that prima facie showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Both parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Although this motion is unopposed, the Court must still review the record to establish "that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d

Cir. 1990). Because Parrish has not responded to the motion, all of defendants' properly supported statements of fact are deemed admitted. *See* M.D. Pa. L.R. 56.1.

## III. MATERIAL FACTS

The summary judgment record indicates as follows: On April 18, 2022, Parrish was arrested by police in West York, Pennsylvania, following an incident in which he was reported to have brandished a weapon at a bar. He appeared intoxicated and was taken to York Hospital, where he presented as "disorderly and uncooperative," refused medical treatment, and threatened to assault a correctional officer "at York County Prison or the next prison he was at." *See* (Doc. 50-1 at 20, 43-47; Doc. 51).

Parrish was then transported to the York County Prison for booking. In an area defendants refer to as the "sally port," Parrish was instructed to kneel on a bench for a pat-down search and to have leg shackles applied. Parrish "stated that he was going to the bathroom instead"[3] and began walking into a nearby cell. (Doc. 50-1 at 44).

[3] For context, we note that Parrish was asking to use the bathroom as he left the hospital and was told that he would be permitted to do so

*(continued on next page)*

Defendants have produced video of this incident from an officer's body camera and from a surveillance camera in the sally port. *See* (Doc. 51). The video shows that as Parrish begins to walk into the cell, an officer, identified as Kitzmiller, grabs Parrish by the arm or shoulder and pulls him back out. Parrish then grabs Kitzmiller by the throat. Three officers converge to pin Parrish to the ground, and two others assist to place him in restraints. Although the camera views are partially obscured while Parrish is on the ground, the footage shows the officers dragging Parrish a short distance into the hallway, and ultimately, bringing him to his feet. Parrish is walking under his own power as he is escorted out of view. *See also* (Doc. 50-1 at 25-26). It is undisputed that the officers did not kick, punch, or choke Parrish, and that he did not lose consciousness during this incident.

## IV. DISCUSSION

Parrish brings Fourteenth Amendment excessive force claims against both defendants. For this claim, a pretrial detainee need not establish that a defendant used force "maliciously and sadistically for the

---

at the prison. *See* (Doc. 51 (Body camera video), 1:55:10-1:58:10). However, Parrish's professed need to use the bathroom does not create an issue of material fact as to his claims of excessive force.

very purpose of causing harm." *Jacobs v. Cumberland Cnty.*, 8 F.4th 187, 193 (3d Cir. 2021) (citation omitted). Rather, "a pretrial detainee must show *only* that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 194 (emphasis in original) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015)). In applying this standard, courts can consider factors such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

In this case, the record is clear that the officers' use of force was objectively reasonable. Parrish's attempt to walk away, in violation of the officers' orders to submit to a pat-down search and restraints, justified the use of force to enforce those orders.[4] The video shows that Kitzmiller responded with a relatively modest degree of force by grabbing Parrish

[4] *See*, *e.g.*, *Giddings v. Rogers*, No. 1:22-CV-00097, 2024 WL 4186926, at *11 (M.D. Pa. Sept. 13, 2024); *Boggs v. Geletti*, No. 4:22-CV-00708, 2023 WL 3851994, at *2-3 (M.D. Pa. June 6, 2023) (force justified after detainee refused orders to "cuff up").

and attempting to guide him out of the cell. Only after Parrish forcefully grabbed Kitzmiller by the throat did the other officers converge to take Parrish to the ground and restrain him. This escalation of force was reasonable given that Parrish posed a threat to the officers' safety.[5] There is no evidence that the officers caused any injury or that Parrish was "kicked," "choked," or lost consciousness. Even if Parrish had attempted to properly dispute these facts, the video plainly contradicts his account of this incident. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (when a party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").

## V. Conclusion

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion for summary judgment (Doc. 49) is **GRANTED**. The Clerk is directed to enter **JUDGMENT** in favor of

[5] *See*, *e.g.*, *Fitzgerald v. Russell*, No. 2:22-CV-853, 2025 WL 406032, at *4 (W.D. Pa. Feb. 5, 2025); *Colyer v. Mifflin,* No. 3:21-CV-1117, 2024 WL 7128659, at *4-5 (M.D. Pa. Oct. 31, 2024).

defendants and against Parrish.

2. The Clerk is directed to mark this case as **CLOSED**.

Dated: August 20, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge